Ray MOORE, Plaintiff–Appellant,

v.

Pamela T. STITES, Parole Officer; Ronnie Fanning, Unit Supervisor; Donnell Pollard, Head Parole Supervisor; Michael W. Hull, Hearing Officer (Waco); Charles Martin, Hearing Officer (Arlington); Kevin Stephen, Parole Officer; Dalton Domingue, Head Parole Officer; Victor Rodriguez, Board of Pardon and Parole Division, Defendants–Appellees.

No. 04–10781.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 23, 2005.

Ray Moore, Dallas, TX, pro se.

Patrick Nicholas Brezik, Office of the Attorney General for The State of Texas, Austin, TX, for Defendants–Appellees.

---

* Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

Before BARKSDALE, GARZA, and STEWART, Circuit Judges.

PER CURIAM: *

Ray Moore appeals the dismissal with prejudice under FED.R.CIV.P. 12(b)(6) of his in forma pauperis 42 U.S.C. § 1983 suit against several parole and hearing officers for the Texas Board of Pardons and Paroles. The district court granted the defendants' motion to dismiss because the defendants were absolutely immune from suit. Moore asserts conclusorily that the defendants discriminated against him in applying policies and procedures to him retroactively and complains that the district court did not examine "serious constitutional issue[s]" contained in his complaint. He does not identify those issues. Moore's brief does not touch upon the district court's reason for granting the defendants' motions to dismiss.

"An appellant's brief must contain an argument on the issues that are raised, in order that [this court] may know *what action of the district court* is being complained of." *Al–Ra'id v. Ingle,* 69 F.3d 28, 31 (5th Cir.1995). "There is no exemption for *pro se* litigants, though we construe their briefs liberally." *Id.* Because Moore has briefed no argument with respect to the district court's determination that the defendants are absolutely immune, he has waived any such argument. *See Yohey v. Collins,* 985 F.2d 222, 224–25 (5th Cir. 1993); FED. R.APP. P. 28(a)(9).

Moore's appeal is without arguable merit, *see Howard v. King,* 707 F.2d 215, 220 (5th Cir.1983), and it is DISMISSED as

the limited circumstances set forth in 5th CIR. R. 47.5.4.

**624**

frivolous. 5th Cir. R. 42.2. Moore is warned that any future frivolous filings will subject him to sanctions.

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.